**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **ANDREW HART,** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **No. 5:26-CV-269-MTT-CHW** |
| **JOHN AND OR JANE DOES, *et al.*,** | : | |
| **Defendants.** | : | |

**ORDER**

Plaintiff Andrew Hart filed what has been construed as a civil rights complaint under 42 U.S.C. § 1983. ECF No. 1. Plaintiff did not submit his pleading on the required § 1983 complaint form, pay the filing fee, or move to proceed *in forma pauperis* ("IFP"). On July 13, 2026, the Court ordered Plaintiff to recast his complaint using the required 42 U.S.C. § 1983 form. ECF No. 3 at 1. He was also instructed to either pay the $405.00 filing fee or submit a properly completed motion to proceed IFP. *Id.* Plaintiff was given fourteen (14) days to respond, and he was warned that the failure to fully and timely comply with the order could result in the dismissal of this case. *Id.* at 2.

After Plaintiff failed to respond, the Court ordered Plaintiff to show cause why his case should not be dismissed. ECF No. 4. However, the order sent to Hancock State Prison—Plaintiff's address on file—was returned as undeliverable. ECF Nos. 5 & 6. A check of the Georgia Department of Corrections website shows that Plaintiff is now incarcerated in Telfair State Prison in Helena, Georgia. Because it appears that Plaintiff was transferred shortly after filing his original complaint and it is not clear that he received

the Court's previous orders, the Court once again orders that Plaintiff (1) recast his complaint on a standard form, and (2) either pay the $405.00 filing fee or submit a properly completed motion to proceed IFP. The recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a defendant in this action. Plaintiff is to name only the individuals associated with the claim or related claims that he is pursuing in this action. Plaintiff must then tell the Court exactly how that individual violated his constitutional or federal statutory rights, including (1) what each defendant did (or did not do) to violate his rights; (2) when and where each action occurred; and (3) how Plaintiff was injured as a result of each defendant's actions. Plaintiff must complete the entire complaint form.

Plaintiff's recast complaint **shall take the place of and supersede all allegations made in the original pleading**. The Court will only consider the factual allegations and claims contained in Plaintiff's recast complaint on the enclosed § 1983 form. Thus, any fact Plaintiff deems necessary to his lawsuit should be clearly stated in his recast complaint, even if Plaintiff has previously alleged it in another filing. As stated above, Plaintiff must name each defendant he wishes to sue and if Plaintiff fails to link a named defendant to a claim, the claim will be dismissed.

Further, Plaintiff must complete the entire IFP application by filling out the motion and declaration as well as submitting "a certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2).

Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to (1) refile his complaint on the Court's standard § 1983 form, and (2) either pay the $405.00 filing fee or submit a properly completed motion to proceed IFP. The **CLERK** is **DIRECTED** to mail a standard 42 U.S.C. § 1983 complaint form, and a copy of the Court's standard IFP application and associated documents with this Order to Plaintiff at Telfair State Prison. Plaintiff must immediately inform the Court in writing of any change in his mailing address and failure to do so may result in dismissal of this action. Plaintiff's failure to fully and timely comply with this Order may result in the dismissal of this action.

**SO ORDERED**, this 24th day of September, 2026.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge